UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

HUVAL, VEAZEY, FELDER &                    CIVIL ACTION NO. 6:13-cv-00447
RENEGAR, LLC

VERSUS                                     JUDGE DOHERTY

DAVID A. SCHILLER and                      MAGISTRATE JUDGE HANNA
SCHILLER EXLINE, PLLC

## REPORT  AND  RECOMMENDATION

Currently pending before the Court is the application for entry of default

judgment (Rec. Doc. 50), which was filed by the plaintiff, seeking a default judgment

against defendant Schiller Exline, PLLC.  No opposition to the motion was filed.  The

motion was referred to the undersigned for review, report, and recommendation in

accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this

Court.  (Rec. Doc. 54).  After careful consideration of the motion, the applicable

authority, and for the following reasons, it is recommended that the motion be

GRANTED.

### BACKGROUND

This is a dispute over the enforcement of an agreement to share attorneys' fees.

In August 2005, Bobby Harmon was allegedly injured while employed by FIBA

Testing Gulf, Inc.  Mr. Harmon hired defendant David A. Schiller and Mr. Schiller's

law firm to represent him with regard to his injuries.  Mr. Schiller is an attorney, and the plaintiff alleged that he is or was at certain relevant times a member of The Schiller Firm PLLC and that, after October 2010, he was a member of the law firm called Schiller Exline, PLLC.  Mr. Schiller approached the plaintiff law firm, hereinafter referred to as "Huval Veazey," to act as co-counsel for Mr. Harmon.  It is alleged that an agreement, confirmed in writing on May 31, 2006, was reached between Huval Veazey, Mr. Schiller, and Mr. Schiller's firm by which a contingency fee that Mr. Harmon agreed to pay to Mr. Schiller and his firm would be shared with Huval Veazey.

In 2006, suit was filed on Mr. Harmon's behalf in the 15th Judicial District Court, Acadia Parish, Louisiana.  Settlements were eventually reached with defendant Total Safety US, Inc. and with defendant FIBA Technologies, Inc. and its insurer.  A settlement was also reached with the relevant workers' compensation carrier.  During the course of the litigation, Huval Veazey incurred litigation expenses.

Huval Veazey alleges that, after the claim against FIBA was settled but before the settlement funds were disbursed, its agreement with Mr. Schiller and Schiller Exline PLLC was modified so that Huval Veazey would share only in the settlement with FIBA, that Huval Veazey would be reimbursed only a portion of its litigation costs, that FIBA would send the entirety of its settlement funds to Schiller Exline

-2-

PLLC, and that Schiller Exline PLLC would then send the appropriate share of those funds to Huval Veazey immediately.

Huval Veazey further alleges that, although Schiller Exline PLLC received the funds on December 21, 2012, neither defendant has honored the agreement and no part of the settlement funds have been paid to Huval Veazey.  Huval Veazey alleges that it has made demand upon the defendants to no avail.

In this lawsuit, Huval Veazey contends that Mr. Schiller and Schiller Exline PLLC breached their contract, entitling Huval Veazey to recover damages.  Huval Veazey also contends that Mr. Schiller's representation (made on his own behalf and also on behalf of Schiller Exline PLLC) as to how the settlement funds would be shared was false, constituting fraud under Louisiana Civil Code Article 1953, and entitling Huval Veazey to rescind the modification of the agreement and to pursue recovery of the entire fee to which it was originally entitled and the entirety of its litigation costs, for a total amount of $192,155.37 plus damages and attorneys' fees under Louisiana Civil Code Article 1958.

The complaint was filed on March 1, 2013.  (Rec. Doc. 1).  Schiller Exline, PLLC was served on March 7, 2013.  (Rec. Doc. 4).  Schiller Exline, PLLC responded to the plaintiff's original complaint by filing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) and a motion for more definite

statement.  (Rec. Doc. 9).  Ruling on the motion was deferred, and the plaintiff was ordered to file an amended complaint.  (Rec. Doc. 20).  Huval Veazey filed a supplemental, amending, and restated complaint.  (Rec. Doc. 22).  In August 2013, the motion to dismiss and for more definite statement was denied.  (Rec. Doc. 30).  To date, Schiller Exline, PLLC has not filed any pleadings responsive to the supplemental complaint.  In March 2014, the Clerk of Court issued a notice of entry of default as to Schiller Exline PLLC.  (Rec. Doc. 48).  The pending application for a default judgment followed.

## THE DEFAULT STANDARD

Obtaining a default judgment is a three-step process governed by Rule 55 of the Federal Rules of Civil Procedure.  First, "[a] default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules."[1]  Second, once the default is established by affidavit or otherwise, "the clerk must enter the party's default."[2]  Third, after the default has been entered by the clerk, the plaintiff may apply to the clerk or the court for a judgment based on the default.[3]

---

[1]    *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996).

[2]    Fed.R.Civ.P. 55(a).

[3]    Fed.R.Civ.P. 55(b); *New York Life Ins. Co. v. Brown*, 84 F.3d at 141.

Once default has been entered, a plaintiff's well-pleaded factual allegations are deemed admitted.[4]  The defaulting defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law."[5]  No party is entitled to a default judgment as a matter of right.[6]  The disposition of a motion for the entry of default judgment ultimately rests within the sound discretion of the district court.[7]

Rule 55(b) grants a court discretion to convene an evidentiary hearing on the issue of damages.  When "the amount claimed is a liquidated sum or one capable of mathematical calculation," a hearing is not necessary.[8]  "The court may rely on detailed affidavits or documentary evidence, supplemented by the judge's personal knowledge, to evaluate the proposed sum."[9]

---

[4]     *Meyer v. Bayles*, 559 Fed. App'x. 312, at *1 (5th Cir. 2014) (citing *Nishimatsu Const. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975).

[5]     *Nishimatsu Const. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d at 1206.

[6]     *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam).

[7]     *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

[8]     *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979).

[9]     *Richardson v. Salvation Army, Southern Territory, USA*, 161 F.3d 7, 1 (5th Cir.1998); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## Analysis

In support of its application for default judgment, Huval Veazey submitted the affidavit of Thomas H. Huval, a member of Thomas H. Huval, LLC, which is a member of Huval Veazey.  The affidavit essentially reiterates the allegations of the supplemental complaint.  Because default was entered by the Clerk of Court and no response to the application for default judgment has been filed, the undersigned finds that Schiller Exline PLLC has admitted the factual allegations set forth in the supplemental complaint.

Determining whether to enter a default judgment is a two-part process.  First, the court must consider whether entry of default judgment is appropriate under the circumstances.[10]  Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.[11]

In this case, there are no material issues in dispute since Schiller Exline PLLC did not file any pleadings responsive to the supplemental complaint and thereby

---

[10]     *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[11]     *Lindsey v. Prive Corp.*, 161 F.3d at 893.

admitted the plaintiff's well-pleaded allegations.  Similarly, Schiller Exline PLLC's failure to respond to the supplemental complaint constitutes a clearly-established basis for default and resulted in prejudice to Huval Veazey in the form of delayed payment of funds it earned and was entitled to be paid.  There is no evidence that Schiller Exline PLLC's failure to respond to the supplemental complaint was the result of a good faith mistake or excusable neglect.  To the contrary, Schiller Exline PLLC was afforded more than ample notice and opportunity to appear and defend itself in this lawsuit.  Schiller Exline PLLC's failure to respond during the time permitted mitigates the harshness of a default judgment.  Finally, the undersigned is unaware of any facts that would give rise to good cause to set aside the default judgment if it were challenged by Schiller Exline PLLC.  Accordingly, the undersigned concludes that default judgment is appropriate under the circumstances presented here.

The second factor this Court must consider is whether the pleadings establish viable claims for relief and whether there is, therefore, a sufficient basis for a judgment against Schiller Exline PLLC.[12]  Accepting the well-pleaded allegations of the complaint as true, as supported by Mr. Huval's affidavit, the undersigned finds that Huval Veazey has stated a prima facie case of breach of contract.  Under

---

[12]     *Nishimatsu Const. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d at 1206.

Louisiana law, which must be applied in this diversity case,[13] a breach of contract claim has three elements:  (1) that the obligor undertook an obligation to perform; (2) that the obligor failed to perform the obligation (the breach); and (3) that the failure to perform resulted in damages to the obligee.[14]  Each of these elements is sufficiently addressed and supported with factual allegations set forth in the supplemental complaint and in Mr. Huval's affidavit.

The undersigned also finds that Huval Veazey has stated a prima facie case of fraud.  Under Louisiana law, an action for fraud against a party to a contract requires: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) that the error induced by the fraudulent act relates to a circumstance that substantially influenced the victim's consent to the contract.[15]  Each of these elements is sufficiently addressed and supported with factual allegations set forth in the supplemental complaint and in Mr. Huval's affidavit.

---

[13]     *Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P.*, 689 F.3d 380, 387 (5th Cir. 2012).

[14]     *Bayou Mosquito & Pest Mgmt., LLC v. Bellsouth Telecommunications, LLC*, No. 12-2304, 2013 WL 3819864, at *3 (W.D. La. July 23, 2013); *Walker v. Pelican Pub. Co., Inc.*, No. 10–4389, 2011 WL 2976271, at *6 (E.D. La. July 22, 2011).

[15]     *Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P.*, 689 F.3d at 388, citing *Shelton v. Standard/700 Assocs.*, 798 So.2d 60, 64 (La. 2001).

Although it is well-settled that fraud cannot be predicated on unfulfilled promises or statements as to future events and that any false statements must relate to facts then existing or which have previously existed in order to constitute actionable fraud,[16] there is an important exception to those general rules.  "[F]raud may be predicated on promises made with the intention *not* to perform *at the time* the promise is made."[17]  Here, the plaintiff expressly alleged that, on December 19, 2012, when the contract was modified, Mr. Schiller (acting on his own behalf and also on behalf of Schiller Exline PLLC) "had no intention of honoring the agreement with Huval Veazey. . . .  [H]is intent was to deceive and mislead Huval Veazey and defraud them. . . .  His intent was to utilize Schiller Exline, PLLC to perpetuate that fraud."[18]  These allegations, taken as true, permit the undersigned to find that Huval Veazey has alleged a prima facie case of fraud.

Having found that Huval Veazey has alleged both a prima facie case of breach of contract and a prima facie case of fraud, the plaintiff's claimed damages must be

---

[16]    *Bass v. Coupel*, 93-1270 (La. App. 1 Cir. 6/23/95), 671 So. 2d 344, 351 (La. App. 1 Cir. 1995), *writ denied*, 95-3094 (La. 3/15/96), 669 So. 2d 426; *Dutton & Vaughan, Inc. v. Spurney*, 600 So.2d 693, 698 (La. App. 4 Cir.), *writ denied*, 601 So.2d 663 (La. 1992).

[17]    *Bass v. Coupel*, 671 So. 2d at 351 n. 12 (emphasis in original), citing *Acme Refrigeration of Baton Rouge, Inc. v. Whirlpool Corp.*, 785 F.2d 1240, 1245 (5th Cir. 1986), *cert. denied*, 479 U.S. 848 (1986).

[18]    Rec. Doc. 22 at 11.

calculated.  The undersigned finds that the damages sought to be recovered in this case are readily capable of mathematical calculation from plaintiff's affidavits, making an evidentiary hearing unnecessary.  The undersigned recommends that damages be awarded in the full amount requested by Huval Veazey.  Mr. Harmon's claim against Total Safety U.S., Inc. was settled for the amount of $39,000.00, and his claim against FIBA Technology, Inc. and its insurer was settled for $900,000.00. Huval Veazey was originally entitled to be paid one-half of forty percent of the $939,000.00 paid by Total and FIBA or $187,800.00 plus its litigation costs of $4,355.37.  Therefore, Huval Veazey was originally entitled to recover $187,800.00 plus $4,355.37 or $192,155.37.  The undersigned further finds that the agreement between Huval Veazey and Mr. Schiller and Schiller Exline PLLC was modified on December 19, 2012, with Huval Veazey agreeing to accept $182,000.00 as its share of the attorneys' fees and $3,341.17 in reimbursement of the expenses it incurred during the litigation in exchange for an assurance or representation that the total of those figures ($185,341.17) would be paid to Huval Veazey by Mr. Schiller or Schiller Exline PLLC immediately upon their receipt of the settlement funds from FIBA.  The undersigned further finds that this modification of the agreement between Huval Veazey, Mr. Schiller, and Schiller Exline PLLC was based upon a fraudulent misrepresentation, made by Mr. Schiller on his own behalf and on behalf of Schiller

Exline PLLC, that the funds would be paid to Huval Veazey immediately, and that the failure of the defendants to uphold their end of the bargain voided the modification of the agreement, entitling Huval Veazey to recover the originally agreed-upon sum of $192,155.37.

Huval Veazey also seeks to recover costs in the amount of $350.00 and attorneys' fees in the amount of $9,616.00 for its efforts in pursuing this claim.  In the supplemental complaint, Huval Veazey seeks attorneys' fees in connection with its claim that Mr. Schiller, acting on his own behalf and also on behalf of Schiller Exline PLLC, falsely represented that Huval Veazey's portion of the attorneys' fees would immediately be sent to Huval Veazey, constituting fraud under La. C.C. art. 1958 and thereby entitling Huval Veazey to recover costs and reasonable attorneys' fees.  (Rec. Doc. 22 at 16-17).  Having found that Huval Veazey agreed to modify the agreement between itself and the defendants on the basis of that fraudulent misrepresentation, and having found that Huval Veazey is entitled to rescission of the modification of the agreement, the undersigned finds that Huval Veazey is entitled to recover the claimed costs and attorneys' fees.

Accordingly, the undersigned finds that Huval Veazey is entitled to recover the full sum of $202,121.37 and recommends that the plaintiff's application for a judgment of default (Rec. Doc. 50) be GRANTED, and a judgment of default issued,

ordering defendant Schiller Exline PLLC to pay to Huval Veazey the sum of $202,121.37.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on November 25th, 2014.

COPY SENT:

DATE: ___11/25/2014___
BY: _____EFA_____
TO: _____RTH_____
            pj

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE